Form G16

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Estate of Ruth Freiwald, Nathan Randall Fett, Meles Teklay Fett, Zafu Teklay Fett, Kalkidan Solomon Fett, Matthew Fett, Seyaye Teklay Fett, Natinael Solomon Fett, and Brandon Fett | **DEFENDANTS**<br>Adeyemi O. Fatoki |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Nicole N. Auerbach - Valorem Law Group<br>218 N. Jefferson St., Suite 300, Chicago, IL 60661<br>(312) 676-5460 | **ATTORNEYS** (If Known)<br>John Mayer - Mayer, Graff & Wallace<br>1425 Memorial Dr, Suite B, Manitowoc, WI 54220<br>(920) 645-6225 |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>■ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>■ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Plaintiffs are seeking an expedited determination that any debt which debtor owes to them was not discharged pursuant to 11 USC 523(a)(3)(A) and grant any other relief the Court deems just and equitable.

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
■ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

Expedited determination of nondischargeability pursuant to 11USC 523(a)(3)(A).

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>Adeyemi O. Fatoki | BANKRUPTCY CASE NO.<br>20-bk-01779 ||
| DISTRICT IN WHICH CASE IS PENDING<br>Northern | DIVISION OFFICE<br>Eastern | NAME OF JUDGE<br>Judge LaShonda A. Hunt |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |||
| DATE<br>August 13, 2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Nicole N. Auerbach ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| Adeyemi O. Fatoki | ) Case No. 20-01779 |
| | ) |
| | ) Honorable LaShonda A. Hunt |
| | ) |
| | ) |

## **COMPLAINT TO DETERMINE DEBT NOT DISCHARGED**

The Estate of Ruth Freiwald, and Nathan Randall Fett, Meles Teklay Fett, Zafu Teklay Fett, Kalkidan Solomon Fett, Matthew Fett, Seyaye Teklay Fett, Natinael Solomon Fett, and Brandon Fett, children of Ms. Freiwald (collectively, "the Estate"), unlisted unsecured creditors in the above-captioned case, through their attorneys, file this adversary complaint against the above-named debtor, Adeyami Fatoki, seeking an expedited determination of nondischargeability.

### *Background of the Section 1983 Lawsuit Because of Ms. Freiwald's Death*

1. On June 13, 2018, the Estate filed a lawsuit, *Estate of Ruth Freiwald v. Adeyemi Fatoki, et al.,* Case No. 18-CV-896 in the U.S. District Court for the Eastern District of Wisconsin, alleging, among other things, a Section 1983 deliberate indifference claim against Dr. Fatoki arising from medical treatment that caused the death of Ruth Freiwald in 2016 while she was an inmate in the Brown County, Wisconsin Jail (the "Section 1983 suit").

2. The Section 1983 suit is currently set for a jury trial on August 23, 2021, having been delayed for more than 15 months due to COVID-19.

3. Adeyemi Fatoki ("Debtor") is a named defendant in the Section 1983 suit. Fatoki, a doctor employed by another defendant, Correct Care Solutions whose primary medical practice and residence is in Illinois, has aggressively litigated the Section 1983 suit since its inception.

1

4. Debtor filed for bankruptcy in 2015, 2017, and 2018. These petitions were all dismissed.

5. Debtor was deposed in the Section 1983 suit on July 25, 2019.

6. As part of that deposition, Fatoki was asked about pending or previous bankruptcies. Debtor refused to answer any questions related to his prior bankruptcies, asserting that they had nothing to do with the case. (A copy of the relevant pages of Debtor's sworn deposition are attached as Exhibit A to the attached Declaration of Nicole Auerbach ("Auerbach Decl.") filed in support of the Estate's Application to Set Emergency Hearing, filed simultaneously with this complaint).

7. Debtor filed the instant Chapter 7 bankruptcy on January 20, 2020.

8. None of the plaintiffs or their attorneys in the Section 1983 suit were notified of the 2020 bankruptcy filing. No notice of the filing was filed in the federal court where the Section 1983 case is pending.

9. Debtor also did not list Freiwald, the plaintiffs or any of the attorneys representing plaintiffs as creditors in the filing of the instant bankruptcy. Nor was the lawsuit listed as a contingent claim, disputed claim or anything else, for that matter.

10. Although Debtor was arguably on notice of the potential of the 1983 claim due to letters seeking preservation of records filed shortly after Ms. Freiwald's death, neither plaintiffs nor their attorneys were listed as creditors in the bankruptcy petitions from 2017 or 2018 either.

***Debtor Aggressively Has Litigated the 1983 Case, Even During the Pending Bankruptcy,***

11. Notwithstanding the January 2020 bankruptcy petition before this Court, on February 4, 2020, debtor filed a voluminous motion for summary judgment in the Section 1983 suit. His motion was subsequently denied.

12. On March 9, 2020, Adeyemi Fatoki appeared in person and with counsel at a voluntary mediation in the Section 1983 suit.

13. Between March 9, 2020, and today there have been 87 docket entries in the Section 1983 suit, including 22 motions *in limine* filed in the last six weeks by Adeyemi Fatoki, the first one seeking to bar any mention of bankruptcies at the Section 1983 trial. This motion was granted.

14. On June 28, 2021, Adeyemi Fatoki's professional liability insurer (WHCLIP) filed an emergency motion to intervene in the Section 1983 suit in order to participate in the formation of the verdict. WHCLIP was seeking to avoid coverage if the jury were to determine that the debtor acted intentionally.

***Debtor Seeks to Invoke the Discharge Order to Improperly Obtain Dismissal of the Section 1983 Lawsuit***

15. Less than two weeks before the trial in the Section 1983 suit, on August 11, 2021, counsel for plaintiffs in the Section 1983 suit was contacted via e-mail by attorney John Mayer who stated he was recently hired to represent Debtor with respect to coverage issues related to the Section 1983 suit.

16. In a conversation with Attorney Mayer, counsel for the plaintiffs in the Section 1983 suit stated that they believed that Debtor received a denial of coverage letter from his employer's insurance company around June 23, 2021.

17. Later that evening, plaintiffs' counsel in the Section 1983 suit received an e-mail from Attorney Mayer indicating for the first time that debtor had filed for bankruptcy in January of 2020 and that he received a discharge in April of 2020. This was the first notice plaintiffs had that debtor had filed for bankruptcy in 2020. (See Ex. B to Auerbach Decl. and Decl. ¶14).

18. On August 12, 2021, Attorney Mayer wrote to the judge in the Section 1983 suit requesting that debtor be dismissed from that case based on the bankruptcy discharge in the instant bankruptcy. (See Ex. C to Auerbach Decl. and Decl. ¶15).

19. Attorney Mayer, on behalf of the Debtor, subsequently sent multiple email to Plaintiffs' counsel accusing her of being in contempt of the discharge order by not immediately dismissing Debtor. (See Ex. F to Auerbach Decl. and Decl. ¶18).

20. Debtor was represented by counsel, David H. Cutler, who had been a lawyer for 30 years at the time he filed the instant bankruptcy, and for a significant amount of that time had filed consumer bankruptcies.

21. Prior to the 2020 bankruptcy, Debtor had filed several consumer bankruptcies, and at least one bankruptcy for a business he owned, as reflected on the Amended Bankruptcy Petition [Dkt. 20 in this matter].

22. Debtor and/or his counsel knew that creditors such as the Estate and plaintiffs must be listed on the necessary schedules and given notice of the bankruptcy so that they would have an opportunity to make timely claims or seek nondischargeability rulings in the bankruptcy case.

23. The existence of the 1983 lawsuit, the names of the plaintiffs and names of the plaintiffs' attorneys were all known to the Debtor at the time of the bankruptcy filing and before discharge, yet Debtor did not provide any notice of the bankruptcy filing. The Estate lacked notice of the filing from any other means.

24. By failing to list or schedule the debt in time to permit to timely file a proof of claim and timely request appropriate relief, including to seek to proceed against Debtor's insurance carriers only, the debt was not discharged pursuant to 11 U.S.C. Section 523(a)(3).

### *The Harm Caused by Debtor's Failure to Provide Notice and the Lack of Inadvertence*

25. By failing to provide the requisite notice and failing to list the debt as required, the Estate has been genuinely harmed. The Estate was prevented from seeking leave from the Bankruptcy court to proceed solely against debtor's insurance companies, WHCLIP and/or Evanston Insurance Company, rather than Dr. Fatoki individually. Second, had notice been given and leave to proceed against the carriers was given, it would have influenced Plaintiffs' decision to dismiss, without prejudice, the medical malpractice and negligence claims against Dr. Fatoki. Third, Dr. Fatoki's failure has caused the Estate to needlessly waste time on efforts initiated by Dr. Fatoki himself (a voluminous motion for summary judgment filed while his bankruptcy case was pending; the recent filing of more than 22 motions in limine) and has caused Plaintiffs to incur untold amounts of unnecessary legal fees. Finally, on the eve of a trial that was already delayed for more than a year because of COVID-19, Dr. Fatoki is now requiring Plaintiffs' counsel to address this bankruptcy issue instead of preparing for trial

26. Furthermore, the omission does not seem inadvertent. Debtor appears to have waited until insurance coverage (and payment of his defense of the case) was in doubt and less than 2 weeks before trial before mentioning the bankruptcy action for the first time.

27. Furthermore, the history of Debtor's filings, including numerous motions by Trustees seeking dismissal for failure to comply with the bankruptcy rules, would suggest that Debtor was well aware of the bankruptcy rules, but intentionally opted not to follow them.

28. Debtor's refusal to name the plaintiffs in the Section 1983 suit as creditors in this action, his refusal under oath to provide details of his bankruptcy filings, his failure to alert any person involved in the Section 1983 action to the pendency of this bankruptcy or the discharge

order until August 11, just 12 days before the start of the Section 1983 trial, detract from the idea that the omission and failure to comply with the rules was inadvertent.

**Claim for Relief:**

29. The Estate realleges and incorporates the foregoing as though fully set forth herein.

30. Under 11 USC Sec. 523(a)(3)(A) a debt is not discharged if the debt was not listed or scheduled under section 521(a)(1) of the bankruptcy code in time for the creditor/claimant to timely file a proof of claim.

31. The "equitable exception" to Section 523(a)(3)(A) does not apply if the omission was not inadvertent, or if the creditor has been genuinely harmed.

32. Debtor's omission was not inadvertent given his history of multiple bankruptcy filings and notice of non-compliance with the rules, his clear knowledge of the Section 1983 lawsuit and vigorous defense of it up until his insurance coverage was in jeopardy, and the fact that trial is imminent and it is in his interest to cause chaos in order to postpone the trial.

33. The omission caused genuine harm to the plaintiffs in the Section 1983 action by preventing the Estate from seeking leave to proceed against debtor's insurance companies, causing the Estate to expend significant time and money litigating against debtor, and causing the Estate to make the strategic decision to dismiss certain claims against the debtor that they may not have otherwise made. The Estate is further harmed by having to expend additional amounts in legal fees to address the glaring omission in bankruptcy court less than 12 days to trial.

WHEREFORE the complainants request that the Court make an expedited determination that any debt which debtor owes to the Estate was not discharged pursuant to 11 USC 523(a)(3)(A) and grant any other relief the Court deems just and equitable.

Dated: August 13, 2021  ***Attorneys for Plaintiffs***
VALOREM LAW GROUP

/s/ *Nicole N. Auerbach*
Nicole N. Auerbach, SBN: 6217095
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
P: (312) 676-5460
F: (312) 676-5499
Nicole.auerbach@valoremlaw.com

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that she caused copies of the foregoing **Complaint to Determine Debt Not Discharged**, to be served upon the parties of record via CM/ECF, and the parties below as indicated, on August 13, 2021.

*/s/ Nicole N. Auerbach*
Nicole N. Auerbach

# SERVICE LIST

**Via Email**

| | |
|---|---|
| Maria K. Schneider | maria.schneider@gebsc.com |
| Andrew J. Roth | aroth@heylroyster.com |
| John Mayer | jmayer@mgwlawwi.com |

**Via USPS First Class Mail**

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St., Room 873
Chicago, IL 60604

Joji Takada
Chapter 7 Trustee
Takada Law Office, LLC
6336 North Cicero Ave., Suite 201
Chicago, IL 60646